IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANN NGUYEN DUONG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LY, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 2:23-cv-000471-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

On July 21, 2023, *pro se* Plaintiff Ann Nguyen Duong (Plaintiff) filed her Complaint against Defendants (ECF 1). On October 26, 2023, the court issued an Order to Show Cause (ECF 6) directing Plaintiff to explain by November 10, 2023 why this case should not be dismissed for failure to serve Defendants and failure to prosecute. The Order warned Plaintiff that failure to timely respond may result in dismissal of this action (*Id.*). On November 1, 2023, Plaintiff filed a Response (ECF 7) consisting of largely unintelligible assertions relating to eviction proceedings in a pending state case in Third District Court (Case No. 230909147). Plaintiff then made a series of filings with similar assertions (ECF 8–11). None of these filings address her failure to effect service or prosecute this case. As of the date of this Order, the docket does not reflect that Plaintiff has served any defendant.

## II.　　DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua*

*sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Although Plaintiff filed a Response, Plaintiff failed to meaningfully respond to the directives in the Order despite a clear warning from the court that this case could be dismissed for failure to respond. Plaintiff has also failed to serve any of the Defendants or make any coherent filings in this case. Plaintiff's failure to move this matter along interferes with the judicial process, and her culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants where they have not yet been served. In consideration of these factors, the court finds that the circumstances in this case warrant dismissal.

### III. CONCLUSION AND ORDER

Based on Plaintiff's failure to prosecute this case, the court **DISMISSES** this case without prejudice.

DATED this 6 May 2024.

                                                                              _Cecilia M. Romero_
                                                              Magistrate Judge Cecilia M. Romero
                                                              United States District Court for the District of Utah